## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| **APRIL RANERI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO.  6:25-cv-00198-CEM-RMN** |
| **WESTERN-SOUTHERN LIFE** | ) | |
| **ASSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

**COMES NOW** Defendant Western-Southern Life Assurance Company, ("Western-Southern"), and in response to Plaintiff April Raneri's ("Plaintiff") Complaint, states as follows:

## GENERAL ALLEGATIONS[1]

1.      Western-Southern admits that the amount in controversy exceeds $50,000.00.  Western-Southern denies that Plaintiff is entitled to any damages.

2.      Admitted on information and belief.

3.      Admitted.

4.      Western-Southern states that venue is proper in this Court.

---

[1] Western-Southern has included the headings in the Complaint to assist in reading the pleadings and does not admit the accuracy of those headings to the extent that they can be construed as asserting allegations of fact.

5.    Western-Southern states that the law pertaining to the satisfaction of conditions precedent speaks for itself.

6.    Admitted.

7.    Admitted

8.    Western-Southern states that policy number J100011769 ("Policy") speaks for itself and denies any allegations inconsistent with the full terms of the Policy.

9.    On information and belief, Western-Southern admits that Michael Raneri ("Decedent") died on or around February 12, 2024.  Western-Southern denies that it is liable to pay Plaintiff benefits under the Policy.

10.    Western-Southern admits that Plaintiff notified it of Decedent's death on or about March 18, 2024, and demanded payment of benefits under the Policy.  Western-Southern admits it has declined to pay Plaintiff benefits under the Policy because Decedent's November 7, 2023, application for the Policy contained a material misstatement, warranting rescission of the Policy.

11.    Western-Southern denies that Plaintiff is entitled to an award of attorney's fees.

12.    Western-Southern admits that Plaintiff filed this lawsuit more than 60 days after Plaintiff demanded payment of benefits under the Policy.

## COUNT I – BREACH OF CONTRACT

13.    Western-Southern restates its responses to Paragraphs 1 through 12 as if fully set forth herein.

14.    Western-Southern states that the Policy speaks for itself and denies any allegations inconsistent with the full terms of the Policy.

15.    Western-Southern admits that Plaintiff informed it of Decedent's death and provided the documentation requested by Western-Southern.  Western-Southern denies that Plaintiff is entitled to benefits under the Policy.

16.    Denied.

17.    Denied.

In response to the unnumbered WHEREFORE Paragraph following Paragraph 17, Western-Southern denies that Plaintiff is entitled to any damages or other relief, including the general damages, special damages, costs, interests and attorneys' fees sought.

## COUNT II – DECLARATORY RELIEF

18.    Western-Southern restates its responses to Paragraphs 1 through 12 as if fully set forth herein.

19.    Western-Southern states that Paragraph 19 does not contain any factual allegations to which a response is required.

20.    Western-Southern denies that the terms of the Policy are ambiguous or unclear.

21.    Western-Southern states that the Policy speaks for itself and denies any allegations inconsistent with the full terms of the Policy.

22.    Admitted on information and belief.

23.    Admitted.

3

24.     Western-Southern states that the letter referenced in Paragraph 24 speaks for itself and denies any allegations inconsistent with the complete contents of the letter.

25.     Western-Southern states that Florida Statute § 86.011 speaks for itself and denies any allegations inconsistent with the full terms of the statute.

26.     Denied.

27.     Western-Southern lacks sufficient information about Plaintiff's beliefs related to the Policy to admit or deny the allegations in Paragraph 27 and, therefore, denies them.

28.     Denied.

29.     Denied.

30.     Western-Southern states that Paragraph 30 does not contain any factual allegations to which a response is required.

31.     Denied.

In response to the unnumbered WHEREFORE Paragraph following Paragraph 31, Western-Southern denies that Plaintiff is entitled to any damages or other relief, including the general damages, special damages, costs, interests and attorneys' fees sought.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, laches, and the doctrine of unclean hands.

## THIRD DEFENSE

Western-Southern denies that Plaintiff has been injured or damaged by Western-Southern and demands strict proof thereof.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule and/or the statute of frauds.

## FIFTH DEFENSE

Plaintiff is not entitled to benefits due to misrepresentations regarding Decedent's medical history on the November 7, 2023, application.

## COUNTERCLAIM AGAINST PLAINTIFF

Pursuant to Rules 7(a) and 13(a) of the Federal Rules of Civil Procedure, Defendant Western-Southern Life Assurance Company ("Western-Southern") hereby asserts the following counterclaims against Plaintiff April Raneri ("Raneri"):

### FACTUAL BACKGROUND

1.     On November 7, 2023, Michael Raneri ("Insured") signed an Application for Individual Life Insurance.  (Application Doc. 1-1 at 22).

2.     By signing the Application, Insured acknowledged:

I understand and agree that:

    A. Based upon the manner in which this Application for Life Insurance and all supplements was taken, I have either read each section of it or had each section read to me. I have been given the opportunity to have any section repeated or any corrections made, if necessary;

    B. I have carefully reviewed all statements and answers in this Application for Individual Life Insurance all supplements, amendments, and overflow page(s) are true and correct to the best of my knowledge and belief;

    C. This Application for Individual Life Insurance and all supplements will be attached to and make party of any policy issued . . .

(Application, Doc. 1-1 at 22).

    3.    In the Application, Insured represented that his current weight was 230 pounds. (Application, Doc. 1-1 at 20).

    4.    Western-Southern relied upon this information to underwrite the Insured's application for the Policy. Based on the representations of the Insured regarding his medical history, including his current weight, Western-Southern issued a life insurance policy, number J100011769 ("Policy"), to Decedent on or about November 7, 2023. (Policy, Doc. 1-1 at 27).

    5.    The Policy contained the following provisions:

**Incontestability**

We cannot contest coverage after the policy has been in Force during the lifetime of the Insured for two years from the Policy Start Date and, with respect to any coverage that has been reinstated, for two years from the date of reinstatement except for failure to pay premiums.

**Entire Contract**

We have relied upon the application(s) in issuing this policy.  All statements made in the application(s) are assumed to be true and to the best of the knowledge and belief of the person(s) making them.  These statements, in the absence of fraud, are deemed representations and not warranties.  No statement will be used to void this contract or contest a claim unless it is a material misrepresentation contained in an application.  If any statement in any application(s) is not true or complete, You must tell Us.

(Policy, Doc. 1-1 at 34).

6.      Insured designated Raneri beneficiary under the Policy.

7.      Insured passed away on or about February 12, 2024.

8.      On or around March 18, 2024, Raneri submitted a claim for benefits under the Policy.

9.      In light of the Policy's Incontestability provision, Western-Southern conducted a routine investigation.  During this investigation, Western-Southern obtained medical records of the Insured from Orlando Health Inc., dated August 13, 2023, documenting that Insured weighed 271 pounds.

10.      The Insured's misrepresentation regarding his weight was fraudulent and material to Western-Southern's acceptance of the risk.  Had the Insured revealed his true weight by responding truthfully to the questions on the Application, Western-Southern would not have issued coverage at the same rate.

11.      Western-Southern thus informed Raneri that its only liability for the claim was for a refund of the premiums paid totaling $232.36.

### CAUSES OF ACTION

#### COUNT I
#### RESCISSION

12.    Western-Southern incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.    The Insured made material misrepresentations to Western-Southern regarding his weight by providing false answers when he applied for the Policy. Western-Southern relied to its detriment on these misrepresentations, which induced Western-Southern to issue the Policy.

14.    The Insured's misrepresentations were fraudulent and were material to Western-Southern's acceptance of the risk. Had the Insured revealed his true weight by responding truthfully to the questions on the Application, Western Southern would not have issued the Policy at the same premium rate.

WHEREFORE, Western-Southern requests that this Court enter a judgment of rescission in its favor, pursuant to Fla. Stat. § 627.409, rescinding all coverage under the Policy for the Insured, Michael Raneri, and Plaintiff in exchange for a return of the premiums paid. Western-Southern further requests that costs be taxed against Plaintiff.

#### COUNT II
#### DECLARATORY JUDGMENT

15.    Western-Southern incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.    Pursuant to 28 U.S.C. § 2201, Western-Southern requests that the Court enter a judgment declaring that Western-Southern is entitled to rescind all coverage for the

Insured and benefits to Plaintiff under the Policy, pursuant to Fla. Stat. § 627.409, due to the Insured's material misrepresentations concerning his weight.  Western-Southern further requests that costs be taxed against Plaintiff.

Respectfully submitted this 11th day of February, 2025.

/s/ Stephen C. Parsley
Stephen C. Parsley (Fla. Bar No. 117884)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8675
Fax: (205) 448-6675
Primary email: sparsley@bradley.com
Secondary email: vrobertson@bradley.com

Attorney for Western-Southern
Life Assurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Matthew P. Tabakman
Malik Law, PA
1061 Maitland Center Commons Boulevard
Maitland, Florida 32751
Tel:  407-500-1000
Email: mtabakman@imaliklaw.com

/s/ Stephen C. Parsley
Stephen C. Parsley